**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 23-CV-20761-SCOLA/GOODMAN**

FRANCISCO RODRIGUEZ CRUZ,

        Plaintiff,

v.

YESHURUN,

        Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON *SUA SPONTE* DISMISSAL**
**OF PLAINTIFF'S COMPLAINT**

     Francisco Rodriguez Cruz ("Plaintiff" or "Rodriguez Cruz") filed a *pro se* Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) [ECF No. 3]. United States District Judge Robert N. Scola, Jr. referred this motion to the Undersigned "to be heard and determined, consistent with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Magistrate Judge Rules." [ECF No. 7].

     For the reasons stated herein, the Undersigned respectfully **recommends** that the District Court **dismiss without prejudice** Plaintiff's Complaint [ECF No. 1] and **deny as moot without prejudice to renew** the instant motion [ECF No. 3], if Plaintiff files an amended complaint.

## I.    Background

On February 28, 2023, Rodriguez Cruz initiated the instant action by filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 [ECF No. 1 ("Complaint")] and a motion to proceed *in forma pauperis* [ECF No. 3].

Plaintiff's Complaint is a printed, fill-in-the-blank form, which (presumably) he completed himself. [ECF No. 1]. Plaintiff's handwriting is difficult to read.

Section I of the Complaint describes Defendant by a single name, "Yeshurun." His official position is listed as "Rebe" and his place of employment is 4850 NE 83 Street, North Miami Beach, FL 33437. [Due to the difficulty in reading Plaintiff's handwriting, it is possible the Undersigned is reading some (or all) of this information incorrectly.].

The Undersigned now will endeavor to reproduce the Statement of Claim and the Requested Relief (Sections II and III, respectively). The Statement of Claim reads as follows:

> The week following the [illegible] celebrations as I visited [illegible] synagogue[.] I was approached by Rebe Yeshurun who lent me a [illegible] and later questioned me and asked me for identification. The rebe regularly displays liquor bottles on a table facing passersby.

*Id.* at 2. The request for relief states: "[illegible] into the synagogue and for liquor to not be displayed." *Id.*

## II.    Applicable Legal Standard

As noted above, Plaintiff has moved to proceed *in forma pauperis*. The Court has an obligation to review the complaint brought by a party seeking to proceed *in forma*

*pauperis*. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," then the Court shall dismiss the case at any time. *Id.*

A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Factual frivolity means 'clearly baseless' on the facts, and legal frivolity means an 'indisputably meritless' legal theory." *Shell v. Von Saal*, No. 08-61154, 2009 WL 960809, at *1-2 (S.D. Fla. Apr. 7, 2009) (quoting *Neitzke*, 490 U.S. at 327).

A litigant's history of bringing unmeritorious litigation can also be considered in assessing frivolousness. *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001). This is because 28 U.S.C. § 1915 "'represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted.'" *Shell*, 2009 WL 960809, at *2 (quoting *Herrick v. Collins*, 914 F.2d 228, 229 (11th Cir. 1990)).

"The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and [Courts] will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In reviewing a motion to dismiss under Rule 12(b)(6), a court must take all

well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts as true. *Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994).

To state a claim for relief, a pleading must contain: "(1) a short plain statement of the grounds for the court's jurisdiction[;] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Liberal construction, however, does not mean that a court may "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

## III.   Analysis

### i.   Plaintiff's Complaint Should Be Dismissed Without Prejudice

Rodriguez Cruz's Complaint [ECF No. 1] should be dismissed for failure to state a claim. As noted above, the standard for determining whether a complaint states a claim upon which relief may be granted is the same under 28 U.S.C. § 1915(e)(2)(B)(ii) as under Federal Rule of Civil Procedure 12(b)(6). *Mitchell*, 112 F.3d at 1490.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994) (quoting *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (certain internal quotation marks omitted)). To state a claim under section 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a **person acting under color of state law**." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).

"A defendant acts under color of state law when she deprives the plaintiff of a right through the exercise of authority that she has by virtue of her government office or position." *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012).

Here, Plaintiff's Complaint must be dismissed because he does not sufficiently allege how "Yeshurun," presumably a rabbi at a synagogue, was acting under color of state law when he supposedly violated Plaintiff's civil rights. Moreover, it is entirely unclear how Plaintiff's civil rights were violated at all.

Accordingly, the District Court should dismiss Plaintiff's Complaint without prejudice for failure to state a claim.

### ii. Plaintiff's Motion to Proceed *in Forma Pauperis* Should Be Denied without Prejudice

Pending before this Court is Plaintiff's motion to proceed *in forma pauperis* [ECF No. 3]. The Undersigned **respectfully recommends** that Plaintiff's motion be **denied as**

**moot without prejudice to renew**, if necessary. Plaintiff should be permitted to re-file his

motion to proceed *in forma pauperis*, if and when, he files an amended complaint.

**Note:** This Report and Recommendations does not conclude that Plaintiff in fact

has viable factual and legal grounds to file an amended complaint. It merely recommends

that Rodriguez Cruz be given the opportunity to do so *if* (and this is a big if) he can do so

consistent with his obligations under Federal Rule of Civil Procedure 11.[1] If he cannot,

then (obviously) he should not file an amended complaint.

## IV.    Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that the

Complaint [ECF No. 1] be *sua sponte* **dismissed without prejudice** under section

1915(e)(2)(B)(ii) and that Plaintiff's motion to proceed *in forma pauperis* be **denied as moot**

**without prejudice to renew**, if and when an amended complaint is filed.

## V.    Objections

The parties will have fourteen (14) days from the date of being served with a copy

of this Report and Recommendations within which to file written objections, if any, with

United States District Judge Robert N. Scola, Jr. Each party may file a response to the

other party's objection within fourteen (14) days of the objection. Failure to file objections

timely shall bar the parties from a de novo determination by the District Judge of an issue

---

[1]     "Rule 11 of the Federal Rules of Civil Procedure applies to all papers filed in federal court, including those filed *pro se*." *Maldonado v. Baker Cnty. Sheriff's Off.*, 23 F.4th 1299, 1306 (11th Cir. 2022).

covered in this Report and Recommendations and shall bar the parties from attacking on appeal any factual or legal conclusions contained in this Report and Recommendations and to which they did not object, except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); CTA11 Rule 3-1.

      **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on March 8, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
Counsel of Record